THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MIGUEL MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VERSUS ) | Civil Action No. 2:21-cv-_____-___-___ |
| ) | |
| HOME DEPOT U.S.A., INC., ) | |
| ) | |
| Defendant. ) | **JURY DEMANDED** |

## DEFENDANTS HOME DEPOT U.S.A., INC.'S
## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant Home Depot U.S.A, Inc., (hereinafter referred to as "Home Depot"), which files this its Notice of Removal on the basis of diversity jurisdiction, and would show the Court as follows:

1. Home Depot is the defendant in a civil action pending in the 22nd Judicial District Court of the Parish of St. Tammany, State of Louisiana, entitled *Miguel Martin vs. Home Depot U.S.A., Inc.*; Cause No. 2020-013218 Division B (hereinafter referred to as the "State Court Action"). An Index of State Documents Filed with the Notice of Removal is attached hereto as Exhibit "A," and true and correct copies of all process, pleadings, and orders served upon Home Depot in the State Court Action are attached hereto as Exhibit "B," as required by 28 U.S.C. § 1446(a).

2. The State Court Action was filed on July 31, 2020. Home Depot was served with Plaintiff's Original Petition for Damages ("Petition") on February 8, 2021. The Petition asserts negligence claims against Home Depot based on an alleged incident that occurred on July 31, 2019 when Plaintiff was allegedly injured while operating a gas auger rented from a Home Depot store

{L0598085.1}

located in Slidell, Louisiana. The Petition alleges that when Plaintiff started the auger, the auger's blade began to spin erratically and suddenly cut into Plaintiff left ankle, causing a deep laceration. The Petition further alleges that Plaintiff's injuries from the auger caused Plaintiff to incur substantial medical expenses and miss work. Plaintiff is seeking recover from Home Depot for past physical pain and suffering, future physical pain and suffering, mental anguish, medical expenses, partial impairment and/or disability, lost wages, loss of future earnings capacity, and loss of enjoyment of life in addition to other damages. In paragraph 10 of the Petition, Plaintiff "asserts that amicable demand has been made upon defendants, but to no avail." By expressly invoking that demand, Plaintiff gives notice of the amount in controversy. In that demand letter, a copy of which is attached hereto as Exhibit "C," Plaintiff states that "we are offering to settle any and all damages claims, for the injuries sustained by Mr. Martin as a result of the July 31, 2019 incident, for the amount of $130,000." All of these statements and allegations in the Complaint leave no doubt that the amount in controversy in this case is over $75,000.00 exclusive of interest and costs. Accordingly, this notice is timely filed within thirty (30) days of Home Depot's receipt of first notice that this Court has jurisdiction over the subject matter of this case as required by 28 U.S.C. § 1446(b).

## **DIVERSITY OF CITIZENSHIP**

3.　Plaintiff Miguel Martin is and was at the time of the filing of this action a citizen of the State of Louisiana.

4.　Defendant ABC Insurance Company is alleged to be a foreign insurance company doing business in the State of Louisiana, and joined as a defendant allegedly because, "At the time of the accident sued upon herein, Home Depot was covered by a policy of liability insurance issued by defendant, ABC Insurance Company, in full force and effect at the time of the accident and

providing coverage for the acts and/or omissions of Home Depot, which caused the injuries complained of herein." The claims against the generic "ABC Insurance Company" are, essentially, claims against a "John Doe" defendant, and, thus, its citizenship (assuming it even exists) can be disregarded for diversity purposes. Moreover, while the allegation may not have been made in bad faith, it is nevertheless completely devoid of merit, as Home Depot did not—on the date of the alleged accident—have any insurance in effect with any company that could potentially provide coverage for the claims asserted in this case against Home Depot. Thus, the joinder of the so-called ABC Insurance Company can also be disregarded for diversity purposes because there, in fact, is no insurance company to substitute as a party in its place.

5.  Home Depot is and was at the time of the filing of this action a corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.  Consequently, Home Depot is a citizen of the States of Delaware and Georgia, and the district courts of the United States have original jurisdiction over this action based on complete diversity of citizenship amongst and between the parties, in that Plaintiff, on the one hand, and Home Depot, on the other, are now and were at the time this action commenced, diverse in citizenship from each other.

6.  Under 28 U.S.C. § 1446(a), venue of the removed action is proper in this Court as it is the district and division embracing the place where the State Court Action is pending.

7.  Pursuant to 28 U.S.C. § 1446(d), Home Depot will promptly give written notice of the filing of this notice of removal to Plaintiff and will further file a copy of this Notice of Removal with the District Clerk of St. Tammany Parish, State of Louisiana, where the action was previously pending.

8. **Jury Demand** – Home Depot hereby requests trial by jury on all issues and claims in this cause.

WHEREFORE, Home Depot U.S.A., Inc. hereby removes the case styled *Miguel Martin vs. Home Depot U.S.A., Inc.*; Cause No. 2020-013218 Division B, in the 22nd Judicial District Court of the Parish of St. Tammany, State of Louisiana, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action.[1]

Respectfully submitted,

 */s/ Louis Simon, II*
Louis Simon, II, Bar Roll No. 12281
Ian A. Macdonald, Bar Roll No. 17664
Jones Walker LLP
600 Jefferson St., Suite 1600
Lafayette, Louisiana 70501
Tel: 337.593.7600
Fax: 337.593.7601
imacdonald@joneswalker.com
lsimon@joneswalker.com

ATTORNEYS FOR DEFENDANT
HOME DEPOT U.S.A., INC.

## CERTIFICATE OF SERVICE

On this the 4th day of March, 2021, a true and correct copy of the above and foregoing pleading was forwarded to all counsel via the Court's Electronic Filing System.

 */s/ Louis Simon, II*
Louis Simon, II

---

[1] Home Depot will be bringing in as its lead counsel in this case Arthur K. Smith, for whom it will be filing a *Motion to Admit Pro Hace Vice* with the Court as soon as this case is removed to this Court.