St. Tammany Parish Clerk of Courts Civil Case Summary

# PRELIMINARY
## Case No. 202013218

| | | |
|---|---|---|
| Miguel Martin<br>vs.<br>Home Depot USA Inc | §<br>§<br>§<br>§ | Location: Division B<br>Judicial Officer: Hand, August J.<br>Filed on: 07/31/2020 |

---

### CASE INFORMATION

Case Type: **Personal Injuries - eFiled**

Case Status: 07/31/2020 **Filed**

---

### CASE ASSIGNMENT

**DATE**

**Current Case Assignment**
Case Number: 202013218
Court: Division B
Date Assigned: 07/31/2020
Judicial Officer: Hand, August J.

---

### PARTY INFORMATION

| | | *Attorneys* |
|---|---|---|
| Plaintiff | Martin, Miguel | **HIGGINS, R GARY, JR**<br>*Retained*<br>985-898-0840(F)<br>985-898-0504(W)<br>*410 N JEFFERSON*<br>*AVENUE*<br>*COVINGTON, LA 70433*<br>ghiggins@wynnegouxlaw.com |
| Defendant | Home Depot USA Inc | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| | **EVENTS** | |
| 07/31/2020 | Affidavit<br>*verification*<br>Filing Party: Plaintiff Martin, Miguel<br>Amount: 4.00<br>Created: 08/04/2020 2:34 PM | |
| 07/31/2020 | Exhibit(s)<br>*Exhibit A (6pgs)*<br>Filing Party: Plaintiff Martin, Miguel<br>Amount: 6.00<br>Created: 08/04/2020 2:37 PM | |
| 07/31/2020 | Photo Copies of eFiled Documents<br>*SUPREME COURT R.S. 13:4688 PHOTO COPIES*<br>Filing Party: Plaintiff Martin, Miguel<br>Amount: 1.40<br>Created: 08/04/2020 2:45 PM | |
| 07/31/2020 | Petition<br>*Petition for Damages* | |

**Exhibit B-1**

# PRELIMINARY
## CASE NO. 202013218

| | |
|---|---|
| | Filing Party: Plaintiff Martin, Miguel<br>Created: 08/04/2020 10:14 AM |
| 09/23/2020 | 📄 Postage<br>*BILLED MIGUEL MARTIN $27.90 (RCVD 10/22/20)*<br>Filing Party: Plaintiff Martin, Miguel<br>    Amount: 0.50<br>Created: 09/23/2020 4:08 PM |
| 01/21/2021 | 📄 New Service Instructions<br>*Service Instructions (1pg)*<br>Party: Plaintiff Martin, Miguel<br>Created: 01/23/2021 11:59 AM |
| 02/04/2021 | Photo Copies of eFiled Documents<br>*x11*<br>Filing Party: Plaintiff Martin, Miguel<br>    Amount: 3.85<br>Created: 02/04/2021 11:41 AM |
| 02/04/2021 | Certified Copies<br>*x2*<br>Filing Party: Plaintiff Martin, Miguel<br>    Amount: 12.00<br>Created: 02/04/2021 11:41 AM |
| 02/04/2021 | 📄 Citation (Related Service Required)<br>*x1*<br>Filing Party: Plaintiff Martin, Miguel<br>    Amount: 24.00<br>Created: 02/04/2021 11:41 AM |
| 02/12/2021 | Postage<br>*SHF RTN NTC*<br>Filing Party: Plaintiff Martin, Miguel<br>    Amount: 0.51<br>Created: 02/18/2021 9:44 AM |
| 02/12/2021 | 📄 Service Return Only (St. Tammany Parish Sheriff)<br>Filing Party: Plaintiff Martin, Miguel<br>Created: 02/12/2021 11:33 AM |
| 02/26/2021 | Postage<br>Filing Party: Plaintiff Martin, Miguel<br>    Amount: 0.51<br>Created: 02/26/2021 3:05 PM |

## SERVICE

| | |
|---|---|
| 02/04/2021 | Citation<br>Home Depot USA Inc<br>Issued<br>Anticipated Server: St. Tammany Parish Sheriff's Office<br>Actual Server: St. Tammany Parish Sheriff's Office<br>Service Tracking Comment: THRU GAIL (SECY)<br>*Home Depot USA Inc. thru agent--St. Tammany Sheriff*<br>Created: 02/04/2021 11:42 AM |
| 02/08/2021 | Citation |



VINCENT F. WYNNE, JR.*
JEREMY D. GOUX*
SHANNON K. LOWRY*
JAMES C. ARCENEAUX, IV*
ANN CRAIGHEAD
R. GARY HIGGINS, JR.**
*Limited Liability Company
**Professional Law Corporation

**WYNNE & GOUX**
ATTORNEYS AT LAW, LLC

410 N. JEFFERSON AVENUE
COVINGTON, LOUISIANA 70433
(985) 898-0504
FAX (985) 898-0840

January 20, 2021

*Via Electronic Filing*

Honorable Melissa Henry
Clerk of Court, 22nd JDC
701 N. Columbia Street
Covington, Louisiana 70433

      **Re:** *Miguel Martin v. Home Depot USA, Inc.*
           22nd JDC No. 2020-13218 "B"

Dear Ms. Henry:

    Please issue service of the *Petition for Damages* originally in the above referenced matter to the following defendants:

**Home Depot USA, Inc.**
*Through its registered agent*
CSC of St. Tammany Parish, Inc.
4600 Highway 22, Suite 9
Mandeville, Louisiana 70471

    Thank you for your assistance in this matter. Should you have any questions, please do not hesitate to contact our office.

Sincerely,

R. Gary Higgins, Jr.

RGH/



Exhibit B-2



| | |
|---|---|
| Miguel Martin | 22nd Judicial District Court |
| VS 202013218 Division B | Parish of St. Tammany |
| Home Depot USA, Inc | State of Louisiana |

**TO THE DEFENDANT:** <u>Home Depot USA Inc, through its registered agent CSC of St. Tammany Parish, Inc.   4600 Highway 22, Suite 9, Mandeville, La.   70471</u>

**Original Petition for Damages, Verification and Exhibits**

**You are hereby summoned to comply** with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing an answer or other pleading, before the 22nd Judicial District Court, at the Justice Center, 701 N. Columbia Street, Covington, LA, in and for the Parish of St. Tammany, State of Louisiana, within **FIFTEEN (15)** days after the service hereof, under penalty of default judgment against you.

By order of the Honorable Judges of said Court this   21st day of January, 2021

Melissa R. Henry, Clerk of Court

BY: S/TAMMYE THOMAS
Tammye Thomas, Deputy Clerk

A TRUE COPY
Dy Clerk, 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA

Issued:  02/04/21

**Counsel or Pro Se:**
R. Gary Higgins
Attorney at Law
410 N. Jefferson Avenue
Covington, La. 70433

Received on _____, 2021, and on _____, 2021 I served a true copy of
the within _____
on _____ in person,
at domicile with _____
in _____ Parish, a distance of _____ miles from the Justice Center.

_____
Deputy Sheriff
Parish of _____

101 - 15 day regular Citation
Rev 7/16

Exhibit B-3

**22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY**

**STATE OF LOUISIANA**

**DOCKET NO:**                                                                **DIVISION: " "**

**MIGUEL MARTIN**

**VERSUS**

**HOME DEPOT U.S.A., INC. and
ABC INSURANCE COMPANY**

**FILED:** _____     _____
                                                                                            **DEPUTY CLERK**

**PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes petitioner, Miguel Martin ("Petitioner"), a person of the full age of majority and domiciled in the Parish of St. Tammany, State of Louisiana, who respectfully represents that:

1.

Made defendants herein are:

a. Home Depot U.S.A., Inc. ("Home Depot"), a Delaware corporation licensed to and doing business in the State of Louisiana, with its principal business establishment in Louisiana located in St. Tammany Parish, State of Louisiana; and

b. ABC Insurance company, a foreign insurance company authorized to and doing business within the State of Louisiana.

2.

Defendants herein are liable, *in solido*, unto Petitioner for all damages which are reasonable in the premises, together with legal interest thereon, from the date of judicial demand until paid, and for all costs of these proceedings and all equitable and general relief to which Petitioner is entitled, for the following, non-exclusive reasons, to-wit:

3.

On or about July 31, 2019, Petitioner rented a gas auger from the Home Depot retail store located at 874 I-10 Service Road, Slidell, Louisiana 70461. See Rental Receipt attached hereto as Exhibit A.



Page 1 of 5

Exhibit B-3

4.

On the same day, July 31, 2019, Petitioner began operating the gas auger for its customary purpose, i.e. drilling holes into the ground for setting fence posts. However, as Petitioner began to operate the gas auger, it started to power cycle up on the gas throttle, causing the auger and attached blade to spin erratically without Petitioner even depressing the gas throttle. Suddenly and without warning, the blade on the gas auger thrust onto Petitioner's left ankle, causing a deep laceration.

5.

Petitioner immediately sought medical attention for the injuries he incurred as a result of the faulty gas auger, with said injuries causing Petitioner to incur substantial medical expenses and loss of work.

6.

As a result of the accident, Petitioner has sustained damages including, but not limited to, physical pain and suffering, future physical pain and suffering, mental anguish, medical expenses, partial impairment and/or disability, lost wages, loss of future earning capacity, loss of enjoyment of life and any and all other damages that may be proven at a trial of this matter.

7.

The proximate cause of the accident was the negligence of Home Depot in the following non-exclusive particulars:

A) Failing to properly maintain the gas auger;

B) Failing to properly inspect the gas auger;

C) Failing to make sure that the gas auger was fit for its intended use;

D) Failing to take all reasonable and necessary precautions to avoid the accident; and

E) Such other acts and omissions as constitute negligence and which may be proved upon the trial of this matter.

8.

In addition to and/or in the alternative, Home Depot breached its contract with Petitioner, i.e. the rental agreement, in failing provide a gas auger that was in good working condition.



Therefore, Home Depot is liable unto Petitioner for all damages suffered by Petitioner as a result of Home Depot's breach.

8.

At the time of the accident sued upon herein, Home Depot was covered by a policy of liability insurance issued by defendant, ABC Insurance Company, in full force and effect at the time of the accident and providing coverage for the acts and/or omissions of Home Depot, which caused the damages and injuries complained of herein.

9.

Thus, defendants, Home Depot and ABC Insurance Company, are liable and indebted, *in solido*, to Petitioner for all damages sued upon herein to the fullest extent permitted by Louisiana law.

10.

Petitioner asserts that amicable demand has been made upon defendants, but to no avail.

11.

Petitioner is entitled to and hereby requests a trial by jury in accordance with the laws of the State of Louisiana.

**WHEREFORE**, petitioner, Miguel Martin, prays that a certified copy of this petition and citation be served upon defendants, Home Depot U.S.A., Inc., and ABC Insurance Company, in the manner prescribed by law; and that after due proceedings are had and after all legal delays, there be a judgment in favor of petitioner, and against defendants, *in solido*, for such damages as are reasonable in the premises, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings

Petitioner further prays for a trial by jury on all issues; and for all general and equitable relief deemed appropriate by this Honorable Court.

*SIGNATURE BLOCK ON FOLLOWING PAGE.*



RESPECTFULLY SUBMITTED:

WYNNE & GOUX,
ATTORNEYS AT LAW, L.L.C.

_____
VINCENT F. WYNNE, JR., LBRN 25309
SHANNON K. LOWRY, LBRN 23160
R. GARY HIGGINS, JR., LBRN 36309
410 N. Jefferson Ave
Covington, Louisiana 70433
Telephone: (985) 898-0504
Facsimile: (985) 898-0840
ATTORNEYS FOR PETITIONER,
   MIGUEL MARTIN

**PLEASE HOLD SERVICE AT THIS TIME**

A TRUE COPY
Dy Clerk, 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA

Tammye Thomas, Deputy Clerk

Submitted Date: 7/31/2020 10:26 AM   File Date: 7/31/2020 10:26 AM   Case Number: 2020-13218   St. Tammany Parish, LA   Deputy Clerk: Courtney Hebert



Page 4 of 5

Exhibit B-3



STORE 0386 Slidell East
874 I-10 Service Road
Slidell, LA 70461

Rental Center Hours
MON 6A-10P TUE 6A-10P WED 6A-10P THU 6A-10P FRI 6A-10P SAT 6A-10P SUN 8A-8P

CONTRACT #: **153586**

MIGUEL MARTIN
329 NELSON LANDING
PEARL RIVER, LA 70452
(985) 960-1149

| RENTAL DURATION | DUE BACK | FOR ASSISTANCE CALL |
|---|---|---|
| 1 Day | Aug. 01 @ 3:31pm | (985) 661-2188 |

Contract #: 90     Reservation #: 73099     Date: 07/31/19     Deposit #: 038619073107330591535863

Customer Signature     MIGUEL MARTIN     Date Out: 07/31/2019 - 3:31 PM     Signature Created By     jxr2x0c
                                         Date Due: 08/01/2019 - 3:31 PM

| Part Number | Item Description | 4 HOUR | 1 DAY | 2 DAYS | 1 WEEK | 4 WEEKS | Contract Amt. |
|---|---|---|---|---|---|---|---|
| 0882025344 | 1 Man Auger | $55 | $76 | $152 | $304 | $608 | $76 |
| | (1) Auger Bit 8" x 30" (1 man)(2135-8E) | | | | | | $0 |

Rental Subtotal  $76.00
Damage Protection  $11.40
Estimated Tax  $7.60

**Estimated Total**  $95.00
Deposit - PAID  $(100.00)
(VISA ending 4809)

SAFETY MESSAGE:

Be sure to have adequate ventilation when operating this equipment. This engine produces carbon monoxide exhaust. Do not operate indoors or in a vehicle.

TERMS & CONDITIONS

I agree that no representative of The Home Depot is authorized to make any promise, warranty or representation to me other than those reflected in writing in the Agreement. I agree to the Terms & Conditions and understand that the Agreement cannot be modified or changed except in writing signed by both parties. With respect to equipment I am renting, I have received the equipment referenced in the Agreement. In the event that I am returning equipment, I acknowledge and agree that I am returning the listed rental equipment, the total charges are correct, and additional charges may apply if the equipment is returned damaged.

1. 1. If I do not return this equipment by the scheduled end date, I agree to a weekly recurring charge of $304.00, until all tools have been returned, or a maximum rental charge of $1846.21 has been recovered. In addition, I understand that misrepresentation or failure to return equipment can lead to prosecution.
2. 2. I have been offered operating manuals on the rental equipment.
3. 3. A cleaning fee of up to $50.00 will be assessed if equipment is not returned clean.

Signature _[signed]_     Date 07/31/2019

1 of 11



EXHIBIT A

Submitted Date: 7/31/2020 10:26 AM  File Date: 7/31/2020 10:26 AM  Case Number: 202013218  St. Tammany Parish, LA  Deputy Clerk: Courtney Hebert

Exhibit B-3

## EQUIPMENT RENTAL AGREEMENT TERMS AND CONDITIONS ("AGREEMENT")

1. **GENERAL.** This Agreement is between Home Depot U.S.A., Inc. ("The Home Depot") and the customer identified on Page 1 ("Renter"). The Home Depot will provide Renter the tools, vehicles or large equipment (collectively, "Equipment") described on Page 1 and in accordance with the terms set forth in this Agreement. The Home Depot will provide the Equipment "as is" and in good working condition during the rental period (the "Rental Period") and according to the rental subtotal price identified on Page 1 ("Rental Price"). Renter agrees to return the Equipment prior to the expiration of the Rental Period, or to pay the additional rental fees described in Section 10. To the extent Renter has entered in to a Master Rental Agreement ("MRA") with Home Depot and the terms of the MRA and this Agreement conflict, then the terms of the MRA will govern.

2. **PAYMENT.** Renter is responsible for all charges due in full at the commencement of the Rental Period or upon The Home Depot's request, using a payment card approved by The Home Depot ("Renter Card"), including deposits ("Deposits"). Renter consents to the reservation of credit for estimated charges due, and authorizes The Home Depot to process all amounts due, on Renter Card (including vehicle rental, traffic law violations and parking citations, and any applicable administrative charge. In the event Renter cancels delivery of large equipment within 12 hours of the scheduled delivery time, a cancellation fee of $_____ will be charged to the credit card on file. All charges are subject to audit, and either party will promptly pay to or credit the other party for any necessary adjustments or corrections to charges as a result the audit. Renter must notify The Home Depot in writing of any disputed amounts, including credit card charges, within twenty-five (25) days after the receipt of The Home Depot rental contract/invoice, or Renter will be deemed to have irrevocably waived its right to dispute such amounts. Renter will also pay all direct costs of collection, including attorney fees, and interest at the highest rate permitted by law on any past-due amounts.

3. **PERMITTED USE/RESTRICTIONS/MAINTENANCE.** Renter agrees that Home Depot has no control over the manner in which the Equipment is operated during the Rental Period. Renter warrants that:

   (a) Renter will inspect the Equipment to confirm that it is in good condition, without defects and is suitable for Renter's intended use;
   (b) Renter has received all information requested regarding the operation of the Equipment;
   (c) Home Depot is not responsible for providing operator or other training unless requested by Renter;
   (d) Renter will use the Equipment for its customary purpose, in compliance with all operating and safety instructions and immediately discontinue use of the Equipment if it becomes unsafe or in a state of disrepair;
   (e) The Equipment will be kept in a secure location;
   (f) Renter will maintain possession of the Equipment and will not sublease or sell the Equipment or assign this Agreement;
   (g) Renter will keep the Equipment free and clear of all liens, charges and encumbrances;
   (h) Renter will use the Equipment in compliance with all applicable laws and regulations;
   (i) Renter will not alter or cover up any decal or insignia on the Equipment or remove any operational or safety instructions;
   (j) Renter will not aid in the vandalism or theft of the Equipment;
   (k) Renter will not rent the Equipment upon the basis of false or misleading information;
   (l) Renter will not operate the Equipment while intoxicated or under the influence of any substance that impairs Renter's ability;
   (m) Renter will not use the Equipment in a negligent, illegal, unauthorized or abusive manner, or in any publication; and
   (n) Renter will not remove, operate, or utilize the Equipment outside of the United States, Canada or Guam.

I. **For Tool and Large Equipment Rentals Only.** Renter is required to do the following:

   • Renter will maintain proper fuel, oil or lubrication levels in the tool and large equipment; and

   • Renter further agrees to perform routine inspections on the tool and large equipment, including inspections on leaks, cooling systems, water batteries, cutting edges, and cleaning in accordance with the manufacturer's specifications.

II. **For Vehicle Rentals Only.** The rented vehicle includes tires, two loading ramps, if applicable, a trailer, customary vehicle accessories, and documents ("Vehicle"). For the purposes of this Agreement, "Authorized Driver" means, the following people to the extent they are at least 21 years old, have a valid driver's license for the class of Vehicle being rented, and have Renter's express permission to operate the Vehicle: (i) Renter's spouse; and (ii) additional drivers named on the front of this Agreement.

   (a) **Use Restrictions.** The following restrictions apply to the use of the Vehicle:
      • The Vehicle will not be operated by anyone who is not an Authorized Driver;
      • All occupants in the Vehicle must comply with seat-belt and child-restraint laws;
      • The number of passengers in the Vehicle will not exceed the number of seat-belts and child-restraints;
      • Renter will only operate the Vehicle on regularly maintained roadways;
      • Renter will ensure that keys are not left in the Vehicle and will close and lock all doors and windows upon exiting the Vehicle;
      • Renter will not (i) transport people or property for hire; (ii) tow anything (with the exception of an attached trailer if rented pursuant to this Agreement); (iii) carry or transport hazardous or explosive substances; (iv) engage in a speed contest; or (v) load the Vehicle or transport weight exceeding the Vehicle's maximum capacity;
      • Renter will not engage in reckless misconduct which causes the Vehicle damages or causes personal injury or property damage; and
      • Renter will not use the Vehicle for the commission of a felony or for the transportation of illegal drugs or contraband.

   (b) **Fuel.** Renter will return the Vehicle with the same level of fuel that the Vehicle contained when rented ("Original Fuel Level"). Vehicles returned with less than the Original Fuel Level are subject to a fuel replacement charge.

   (c) **Repossession of Vehicle.** The Vehicle may be repossessed, without notice and at Renter's expense, if the Vehicle (i) is not returned to The Home Depot at the expiration of the Rental Period; (ii) is illegally parked; (iii) is used in violation of law or this Agreement; (iv) is sold or transferred in violation of this Agreement; or (v) appears to be abandoned.

   (d) **Property Placed, Transported or Left in Vehicle or at The Home Depot.** Renter is solely responsible for all loss of and damage to any property placed, transported or left in the Vehicle, or at a Home Depot facility. Renter will pay all costs associated with the disposal of any such property.

   (e) **Parking Citations.** Renter will pay all fines for parking citations issued during the Rental Period. In the event The Home Depot is required to respond to authorities concerning any citations, then Renter will be charged an administrative fee of $20. The Home Depot may provide information about this Agreement to those authorities.

Submitted Date: 7/31/2020 10:26 AM   File Date: 7/31/2020 10:26 AM   Case Number: 202013218   St. Tammany Parish, LA   Deputy Clerk: Courtney Hebert

Exhibit B-3

III. **Equipment Return.** (a) On or before on the date and at the time specified in the Agreement, Renter will return the Equipment to The Home Depot location where the Equipment was rented in the same condition as when rented. Moreover, if the Equipment is not returned as specified in this Section 3, a cleaning charge, a drop charge or a rate change may apply (in addition to any remedies set forth in Section 8 below). If the Equipment is not returned at the expiration of the Rental Period or if The Home Depot determines that the Equipment is no longer in Renter's possession, Renter will be deemed unlawfully in possession of the Equipment, and The Home Depot may, among other remedies, seek the issuance of a warrant for the arrest of Renter or any other person in possession of the Equipment.

(b)  Additional Failure to Return Provisions:

| STATE | SPECIAL NOTICES |
|---|---|
| Arizona | Unlawful failure to return the Equipment within 72 hours of deadline for return is a class 1 misdemeanor. |
| Florida | Failure to return the Equipment upon expiration of the Rental Period and failure to pay all amounts due (including costs for damage to the property or equipment) are evidence of abandonment or refusal to redeliver the Equipment, punishable in accordance with section 812.155, Florida Statutes. |
| Arizona | The Home Depot does not extend any of Vehicle financial responsibility or provide public liability insurance coverage to Renter, Authorized Drivers or any other driver. |

IV. **Telematics.** The Equipment may be equipped with a telematics device that enables The Home Depot or its fleet management provider to monitor the use and location of the Equipment. The telematics device is used to collect the Equipment's location (determined by GPS systems), fuel consumption, mileage, and systems status information. The Home Depot may use the information for various purposes, including, but not limited to: (i) locating lost or stolen Equipment; (ii) analyzing and improving The Home Depot's rental program; (iii) enforcing the terms of this Agreement; or (iv) providing Renter with support, assistance, or services. The Home Depot may share information collected with companies performing services for The Home Depot, and as deemed necessary by The Home Depot, (A) to comply with legal process or a request from a governmental entity, and (B) to protect The Home Depot's rights and property.

V. **Investigations.** All Renters will promptly complete incident reports, deliver to The Home Depot a copy of all related documents, and fully cooperate with The Home Depot's investigation of any vandalism, theft, accident, claim or lawsuit involving the Equipment. This obligation to cooperate does not create a duty of defense by The Home Depot.

4.  **EQUIPMENT DAMAGE / REPAIRS / PROTECTION**

I. **For Tool and Large Equipment Rentals Only.** (a)   Equipment Damage. Regardless of fault, Renter is responsible for all loss of and damage to tools and large equipment (including loss or damage due to normal use, caused by theft, abuse, misuse, neglect, or intentional acts). Renter is responsible for The Home Depot's loss of use and an administrative charge for expenses associated with processing the loss and damage claim (collectively, "**Administrative Charges**").

(b)   Damage Protection. Damage protection is an optional service offered by The Home Depot that, if selected, modifies this Agreement to relieve Renter of repair charges, replacement charges and Administrative Charges if the Equipment is damaged during normal use during the Rental Period ("Damage Protection"). In the event Renter elects Damage Protection services, the charge for Damage Protection is 15% of the Rental Price and will appear as a separate line item on the Agreement and on the invoice. Renter must accept or decline the Damage Protection. Damage Protection is not insurance and The Home Depot may make a profit on its Damage Protection. Damage Protection does not cover loss of or damage to the tools and large equipment caused by theft, abuse, or intentional acts. Renter expressly acknowledges and agrees that Renter will be responsible for all loss or damage.

(c)   Repairs. In the event Renter does not elect to purchase Damage Protection, Renter agrees that an estimated "Repair Cost" will be charged for tools and large equipment that is returned with damage due to abuse, misuse, neglect, or intentional acts. The Repair Cost will not exceed the fair market value of the tool or large equipment and applicable fees. Renter acknowledges and agrees to pay the Repair Cost and authorizes The Home Depot to charge the Repair Cost to the Renter Card. All maintenance or repairs must be performed by The Home Depot.

II. **For Vehicle Rentals Only.** (a)   Equipment Damage. Regardless of fault, Renter is responsible for all loss of and damage to the Vehicle (including loss or damage to the spare tire, jack, trailer (when applicable), and loading ramps), plus actual towing, storage, impound and other related expenses. Renter is responsible for The Home Depot's loss of use and an Administrative Charges.

(b)   Repairs. In the event Renter does not elect to purchase Damage Protection, Renter will not repair or replace any part of the Vehicle or otherwise alter the Vehicle without the prior written consent of The Home Depot. In the event consent is not obtained, Renter will pay for all unauthorized repairs, replacement parts, and the cost of restoring any unauthorized alterations.

(c)   Damage Protection. Damage protection is an optional service offered by The Home Depot that may be declined. If selected, this optional service modifies this Agreement to relieve Renter of repair charges, replacement charges, or Administrative Charges, if the Vehicle is accidentally damaged during normal use during the Rental Period ("Damage Protection"). The charge for Damage Protection is will be determined by each market and will appear as a separate line item on the Agreement and on the invoice. Renter must accept or decline the Damage Protection service. Damage Protection is not insurance and The Home Depot may make a profit on its Damage Protection Program. Damage Protection does not cover loss of or damage to the Equipment caused by theft, abuse, misuse, or intentional acts. All restrictions, conditions, and provisions of Damage Protection are in this paragraph 4.II. RENTER EXPRESSLY ACKNOWLEDGES AND AGREES THAT RENTER WILL BE RESPONSIBLE FOR ALL LOSS OR DAMAGE AND ACKNOWLEDGES THIS DISCLOSURE. In addition to the requirements stated in this paragraph 4.II, the following provisions are applicable within the noted State or Territory:

| STATE | REQUIRED NOTICES |
|---|---|
| Connecticut, Hawaii, Iowa | ✓ THIS CONTRACT OFFERS, FOR AN ADDITIONAL CHARGE, A COLLISION DAMAGE WAIVER TO COVER YOUR RESPONSIBILITY FOR DAMAGE TO THE VEHICLE. YOU ARE ADVISED TO CAREFULLY CONSIDER WHETHER TO PURCHASE THIS PROTECTION IF YOU HAVE RENTAL |



Exhibit B-3

| | |
|---|---|
| Kansas, Maryland, Missouri, Nevada, New Mexico, Texas, Virginia | VEHICLE COLLISION COVERAGE PROVIDED BY YOUR CREDIT CARD OR AUTOMOBILE INSURANCE POLICY. BEFORE DECIDING WHETHER TO PURCHASE OPTIONAL VEHICLE PROTECTION, YOU MAY WISH TO DETERMINE WHETHER YOUR OWN INSURANCE POLICY OR CREDIT CARD COVERS: (i) DAMAGE, LOSS, OR LOSS OF USE TO A RENTED VEHICLE; FIRE AND THEFT DAMAGE AND PERSONAL INJURY INCURRED WHILE USING A MOTOR VEHICLE; AND (ii) THE AMOUNT OF THE DEDUCTIBLE.<br>✓ IF COVERAGE IS CONFIRMED, RENTER MAY REQUIRE THAT THE HOME DEPOT SUBMIT ANY CLAIMS TO THE RENTER'S PERSONAL INSURANCE CARRIER. THE PURCHASE OF THIS DAMAGE WAIVER IS NOT MANDATORY AND MAY BE WAIVED.<br>✓ Maryland law requires that all Maryland residents' insurance policies with collision coverage automatically extend that collision coverage to passenger cars rented or motor vehicles shared by the insureds named in the policy for a period of 30 days or less. |
| Illinois | NOTICE: This contract offers, for an additional charge, a collision damage waiver to cover your financial responsibility for damage to the rental vehicle. The purchase of a collision damage waiver is optional and may be declined. You are advised to carefully consider whether to sign this waiver if you have rental vehicle collision coverage provided by your credit card or collision insurance on your own vehicle. Before deciding whether to purchase the collision damage waiver, you may wish to determine whether your own vehicle insurance affords you coverage for damage to the rental vehicle and the amount of deductible under your own insurance coverage. |
| Minnesota | UNDER MINNESOTA LAW, A PERSONAL AUTOMOBILE INSURANCE POLICY MUST: (1) COVER THE RENTAL OF THIS MOTOR VEHICLE AGAINST DAMAGE TO THE VEHICLE AND AGAINST LOSS OF USE OF THE VEHICLE; AND (2) EXTEND THE POLICY'S BASIC ECONOMIC LOSS BENEFITS, RESIDUAL LIABILITY INSURANCE, AND UNINSURED AND UNDERINSURED MOTORIST COVERAGES TO THE OPERATION OR USE OF A RENTED MOTOR VEHICLE. THEREFORE, PURCHASE OF ANY COLLISION DAMAGE WAIVER OR SIMILAR INSURANCE AFFECTED IN THIS RENTAL CONTRACT IS NOT NECESSARY. IN ADDITION, PURCHASE OF ANY ADDITIONAL LIABILITY INSURANCE IS NOT NECESSARY IF YOUR POLICY WAS ISSUED IN MINNESOTA UNLESS YOU WISH TO HAVE COVERAGE FOR LIABILITY THAT EXCEEDS THE AMOUNT SPECIFIED IN YOUR PERSONAL AUTOMOBILE INSURANCE POLICY. |
| New York | NOTICE: This contract offers, for an additional charge, optional vehicle protection to cover your financial responsibility for damage or loss to the rental vehicle. The purchase of optional vehicle protection is optional and may be declined. You are advised to carefully consider whether to purchase this protection if you have rental vehicle collision coverage provided by your credit card or automobile insurance policy. Before deciding whether to purchase optional vehicle protection, you may wish to determine whether your credit card or your vehicle insurance affords you coverage for damage to the rental vehicle and the amount of deductible under such coverage. |
| Rhode Island | The State of Rhode Island requires us to provide the following additional information about your liability for damage to the rental car and the purchase of a damage waiver. If Renter purchases a Damage Protection, The Home Depot will waive our right to hold you or any authorized driver liable for damage. Even if you buy the Damage Protection, you and any Authorized Driver will remain liable for damage or loss if: (1) caused intentionally, willfully or wantonly; (2) occurred while operating the rental vehicle while legally intoxicated or under the influence of any illegal drug or chemical as defined or determined under the law of the state in which the damage occurred; (3) caused while engaging in any speed contest; (4) caused while using the vehicle to push or tow anything or using the vehicle to carry persons or property for hire, unless expressly authorized in the rental agreement; (5) incurred while driving outside the United States or Canada, or, if state restrictions are imposed by the rental agreement if such damage or loss is incurred outside of those states where operation of the vehicle is expressly authorized in the rental agreement; (6) incurred while the vehicle is driven, with the Renter's permission or accession, by anyone other than an Authorized Driver; (7) incurred after the private passenger automobile was rented or an Authorized Driver was approved as a result of fraudulent information provided to the rental company; (8) incurred as a result of commission of a felony; and (9) incurred if the vehicle is stolen and Renter or Authorized Driver fails to return the original ignition key, fails to file a police report within seventy-two (72) hours of discovering the theft, or fails to cooperate with the Home Depot, police or other authorities in all matters connected with the investigation. |

5. **LIMITATION OF LIABILITY.**

i. For Tool and Large Equipment Rentals Only: DURING THE RENTAL PERIOD, RENTER ASSUMES ALL RISKS ASSOCIATED WITH AND FULL RESPONSIBILITY FOR THE POSSESSION, CUSTODY AND OPERATION OF THE TOOLS AND LARGE EQUIPMENT, INCLUDING, BUT NOT LIMITED TO, RENTAL CHARGES, RENTER TRANSPORT, LOADING AND UNLOADING, PROPERTY DAMAGES AND DESTRUCTION, LOSSES, PERSONAL INJURY, AND DEATH. RENTER EXPRESSLY ASSUMES ALL RISK OF DAMAGE TO THE TOOLS AND LARGE EQUIPMENT UNLESS RENTER PURCHASED DAMAGE PROTECTION, WHICH ALLEVIATES CERTAIN COSTS AND RESPONSIBILITIES AS PROVIDED IN SECTION 4. FAILURE TO RETURN THE TOOLS AND LARGE EQUIPMENT COULD LEAD TO RENTER BEING PROSECUTED FOR A CRIME.

4 of 11



**II. For Vehicle Rentals Only. (a)** RENTER IS RESPONSIBLE FOR BODILY INJURY (INCLUDING DEATH) AND PROPERTY DAMAGE TO OTHERS RESULTING FROM USE OR OPERATION OF THE VEHICLE ("**LIABILITY**"). **(b)** Except for **California**, The Home Depot may provide Renter with liability insurance, as set forth in the table below:

| STATE | LIABILITY REQUIREMENTS/SPECIAL NOTICES |
|---|---|
| Canada, Maryland, Massachusetts, Michigan, Mississippi, New York, South Carolina, South Dakota, and Utah | If there is no violation of a Use Restriction (as defined in Section 3) and to the extent required or permitted by applicable law, The Home Depot provides **primary** liability protection that will not exceed the Minimum Financial Responsibility Limits (defined below) or minimum no-fault benefits. For purposes of the Agreement, the term "**Minimum Financial Responsibility Limits**" refers to the minimum amount of protection that is required to establish financial responsibility under applicable law. |
| District of Columbia, and all other states (except California) | If there is no violation of a Use Restriction (as defined in Section 3) and to the extent required or permitted by applicable law, The Home Depot provides **secondary** liability protection that will not exceed the Minimum Financial Responsibility Limits or minimum no-fault benefits. The Home Depot's secondary liability protection DOES NOT APPLY until after exhaustion of all insurance or other protection available to the driver of the Vehicle or any injured passenger in the Vehicle (automobile liability insurance, no-fault insurance, personal injury protection, employer's insurance, or any other protection or indemnification, whether primary, excess or contingent), and then such protection applies only to the extent it is needed to meet, on a cumulative basis with all such protection available to the driver or injured passengers, the minimum financial insurance or other responsibility limits or minimum no-fault benefits required by applicable law. |
| Arizona | The Home Depot does not extend any of its motor vehicle financial responsibility or provide public liability insurance coverage to Renter, Authorized Drivers or any other driver. |
| Florida | The valid and collectible liability insurance and personal injury protection insurance of any authorized rental or leasing driver is primary for the limits of liability and personal injury protection coverage required by FL Statutes 324.021(7) and 627.736. |
| Michigan | THE MICHIGAN MINIMUM FINANCIAL RESPONSIBILITY LIMITS FOR BODILY INJURY ARE $20,000 BECAUSE OF BODILY INJURY TO, OR DEATH OF, ONE PERSON IN ANY ONE ACCIDENT. THE HOME DEPOT'S PROTECTION AS DESCRIBED ABOVE APPLIES ONLY IF THE INJURY IS CAUSED BY AN AUTHORIZED DRIVER OR BY RENTER'S FATHER, MOTHER, BROTHER, SISTER, SON, DAUGHTER, OR OTHER IMMEDIATE FAMILY MEMBER. RENTER IS LIABLE TO THE HOME DEPOT FOR CLAIMS OF AUTOMOBILE LIABILITY PROTECTION, WHICH EXCEED THE PROTECTION AS DESCRIBED ABOVE. RENTER IS ALSO LIABLE TO INJURED PERSONS FOR AMOUNTS AWARDED IN EXCESS OF THE PROTECTION AS DESCRIBED IN SECTION 5.II(a). |

(c) Subject to applicable law, drivers are excluded from any insurance policy that may be available to The Home Depot, and The Home Depot's liability protection does not apply to:

• bodily injury (including death) or property damage to the Vehicle driver or the driver's family members related by blood, marriage, adoption who resides with the driver. SPECIFIC REJECTION OF PERSONAL INJURY PROTECTION FOR VEHICLES RENTED IN MARYLAND: RENTER SPECIFICALLY AGREES TO WAIVE ANY PERSONAL INJURY PROTECTION COVERAGE WHICH WOULD PROVIDE CERTAIN MEDICAL AND DISABILITY BENEFITS TO AUTHORIZED DRIVERS AND ANY INJURED PASSENGER IN THE VEHICLE; or

• uninsured or underinsured motorist or motor vehicle insurance, supplemental or can be waived or rejected. SPECIFIC REJECTION OF UNINSURED AND UNDERINSURED MOTORIST PROTECTION FOR VEHICLES RENTED IN no-fault insurance, or any other insurance that is optional. PENNSYLVANIA: RENTER IS REJECTING UNINSURED AND UNDERINSURED MOTORIST COVERAGE UNDER THIS RENTAL OR LEASE AGREEMENT, AND ANY POLICY OF INSURANCE OR SELF-INSURANCE ISSUED UNDER THIS AGREEMENT, FOR RENTER AND ALL OTHER PASSENGERS OF THE VEHICLE. UNINSURED COVERAGE PROTECTS RENTER AND OTHER PASSENGERS IN THE VEHICLE FOR LOSSES AND DAMAGES SUFFERED IF INJURY IS CAUSED BY THE NEGLIGENCE OF A DRIVER WHO DOES NOT HAVE ANY INSURANCE TO PAY FOR LOSSES AND DAMAGES. UNDERINSURED COVERAGE PROTECTS RENTER AND OTHER PASSENGERS IN THE VEHICLE FOR LOSSES AND DAMAGES SUFFERED IF INJURY IS CAUSED BY THE NEGLIGENCE OF A DRIVER WHO DOES NOT HAVE ENOUGH INSURANCE TO PAY FOR ALL LOSSES AND DAMAGES.

If there is a violation of a Use Restriction but applicable law requires that The Home Depot provide all or part of the liability protection described above, the same limitations apply.

6. **NO WARRANTIES.** The Home Depot does not design or manufacture the Equipment and is not the agent of the manufacturer or any other supplier of the Equipment. THE HOME DEPOT DISCLAIMS ALL REPRESENTATIONS AND WARRANTIES, EXPRESS OR IMPLIED, WITH RESPECT TO THE EQUIPMENT, ITS DURABILITY, CONDITION, MERCHANTABILITY, OR FITNESS FOR ANY PARTICULAR PURPOSE. Renter acknowledges acceptance of the Equipment "as is" and on a "where is" basis, with "all faults" and without any recourse whatsoever against The Home Depot.

7. **INDEMNIFICATION.** (a) EXCEPT AS OTHERWISE PROVIDED FOR IN THIS AGREEMENT, TO THE FULLEST EXTENT PERMITTED BY LAW, RENTER HEREBY INDEMNIFIES, RELEASES, AND HOLDS THE HOME DEPOT HARMLESS FROM AND AGAINST ALL CLAIMS, LOSSES, EXPENSES (INCLUDING REASONABLE ATTORNEYS' FEES AND EXPENSES), LIABILITIES AND DAMAGES (INCLUDING PERSONAL INJURY, DEATH, PROPERTY DAMAGE, LOST PROFITS, AND SPECIAL, INCIDENTAL, AND CONSEQUENTIAL DAMAGES) ARISING OUT OF: (I) ALL CLAIMS WHICH ARE EXCLUDED FROM OR IN EXCESS OF THE LIABILITY PROTECTION PROVIDED BY THE HOME DEPOT; (II) ALL CLAIMS BY OR AGAINST THE HOME DEPOT ARISING OUT OF RENTER'S OPERATION OF THE EQUIPMENT; AND (C) ALL CLAIMS BY OR AGAINST THE HOME DEPOT ARISING OUT OF RENTER'S FAILURE TO COMPLY WITH ALL TERMS OF THIS AGREEMENT. RENTER'S INDEMNITY OBLIGATION WILL SURVIVE THE EXPIRATION OR TERMINATION OF THIS AGREEMENT. IF ANY PART OF THIS SECTION IS DETERMINED INVALID BY A COURT OF COMPETENT



JURISDICTION, RENTER AGREES THAT THIS CLAUSE WILL BE ENFORCEABLE TO THE FULLEST EXTENT PERMITTED BY LAW. TO THE EXTENT THAT RENTER'S STATE DOES NOT ALLOW THE EXCLUSION OR LIMITATION OF INCIDENTAL OR CONSEQUENTIAL DAMAGES, SUCH LIMITATIONS MAY NOT APPLY.

(b) NOTWITHSTANDING ANY OTHER PROVISION IN THE AGREEMENT TO THE CONTRARY, THE HOME DEPOT WILL NOT BE LIABLE TO RENTER, AND RENTER WAIVES ANY CLAIM AGAINST THE HOME DEPOT FOR LOST USE, LOST PROFIT, LOST REVENUE, LOST SAVINGS, LOST REPUTATION, LOSS OF PRODUCTIVITY, INDIRECT, INCIDENTAL, SPECIAL, PUNITIVE OR CONSEQUENTIAL DAMAGES RELATED TO THE RENTAL, EVEN IF SUCH DAMAGES WERE FORESEEABLE OR RESULT FROM A BREACH OF THIS AGREEMENT.

8.  **DEFAULT AND REMEDIES.** (a) Failure to Extend Rental Period: To extend the Rental Period, Renter must obtain The Home Depot's written approval prior to the expiration of such Rental Period. Should Renter fail to return the Equipment prior to the expiration of the Rental Period or fail to return the Equipment in as good order and condition as when received, Renter will be in default of this Agreement. In addition to remedies set forth in Section 3 (III), if the Equipment is not returned prior to expiration of the Rental Period, Renter will be charged an additional rental fee in the amount identified on Page 1 on a daily recurring basis ("**Additional Rental Fees**") until the first to occur of the following: (i) the Equipment is returned; (ii) The Home Depot has received funds in the amount of the value of the Equipment based upon the condition of the Equipment at the beginning of the Rental Period ("**Present Value**"); or (iii) the 30th day after the Rental Period expires.

(b) Breach of Terms and Conditions: In the event that The Home Depot determines Renter has violated any term or condition of this Agreement, The Home Depot may take all action necessary to secure either: (i) the return of the Equipment; or (ii) funds equal to the Present Value. In the event The Home Depot must take actions pursuant to this Section 8(b) or Section 3(III), Renter will reimburse The Home Depot for all costs incurred including, without limitation, reasonable attorney's fees. Renter expressly agrees and hereby authorizes The Home Depot to charge to the Renter Card, all amounts shown on Page 1, and all charges subsequently incurred by Renter under or related to this Agreement, including but not limited to: (A) extension of the Rental Period; (B) any charges incurred in connection with the recovery of the Equipment; (C) any charges incurred for failure to return the Equipment, INCLUDING, WITHOUT LIMITATION, ADDITIONAL RENTAL FEES OR EQUIPMENT REPLACEMENT FEES (less any paid additional rental fees). To the extent required by applicable payment card network rules, The Home Depot will obtain Renter's additional authorization to charge Renter Card, if applicable, for any insurance costs related to Equipment loss, theft, or damage during the Rental Period.

(c) Payments. Renter can withdraw authorization to pay the Additional Rental Fees on a weekly recurring payment at any time, and make alternative arrangements to pay the Additional Rental Fees. The Home Depot is authorized to obtain updated card account information from the card issuer. Renter agrees that a service charge of 1.5% per month, or the maximum rate permitted by law, will be assessed on all delinquent accounts, until paid in full. Deposits will be returned only after all amounts payable to The Home Depot are paid in full. Renter is prohibited to use any The Home Depot credit line to pay for delinquent or past due accounts and any future rentals will be postponed until Renter's account is paid in full. If Renter's payment towards the account is returned, denied, or otherwise unable to be processed, the balance due may be sent to a 3rd party collection agency on the 31st day after the expiration of the Rental Period.

(d) No Notice. RENTER HEREBY AGREES THAT RENTER IS NOT ENTITLED TO NOTICE OF DEFAULT OR NOTICE OF ANY ACTION OF ENFORCEMENT BY THE HOME DEPOT OTHER THAN WHAT IS EXPRESSLY PROVIDED FOR UNDER THIS AGREEMENT. Should The Home Depot fail to meet any of its obligations under this Agreement, Renter's only remedy is repair or replacement of the Equipment or a rental charge adjustment at The Home Depot's sole discretion.

9.  **CONSENT TO COMMUNICATION VIA TEXTING.** If Renter has consented to receive updates about Equipment via text message, Renter understands and agrees that by providing this consent, Renter may receive up to 5 autodialed informational messages at the mobile phone number Renter provided between the hours of 9am and 6pm. Renter understands and agrees that this consent is not required or a condition of purchasing any products and services and that Renter can opt out at any time by texting text STOP to 97710 to stop (Renter will be sent a confirmation message)  or call 1-877-467-2581 or 1-800-466-3337. Standard message and data rates apply. Not all carriers are covered. For questions, contact 1-800-HOMEDEPOT. Privacy and terms information available at www.homedepot.com.

10. **NOTICES.** The Home Depot may elect to send any notices to Renter by any means determined by the Home Depot. In particular, if Renter has provided The Home Depot with an email address, The Home Depot may send notices to Renter by email and such email notice by The Home Depot will be valid notices for purposes of this Agreement.

11. **RENTER'S INDEPENDENT STATUS.** The relationship between the Parties under the Agreement is that of independent contractors. Renter is not the agent or authorized representative of The Home Depot for any purpose.

12. **GOVERNING LAW.** This Agreement will be construed in accordance with the laws of the State of Georgia.

13. **SEVERABILITY.** If any provision of the Agreement is held to be invalid or unenforceable for any reason, the remaining provisions will continue to be valid and enforceable. If any court finds that any provision of this Agreement is invalid or unenforceable, but by limiting such provision it would be valid and enforceable, then such provision will be deemed to be written, construed, and enforce as so limited.

14. **ENTIRE AGREEMENT.** This Agreement represents the entire agreement between The Home Depot and Renter. This Agreement may not be amended or modified except in writing signed by both parties. This Agreement supersedes any prior written or oral agreements between the parties.

*Submitted Date: 7/31/2020 10:26 AM  File Date: 7/31/2020 10:26 AM  Case Number: 202013218  St. Tammany Parish, LA  Deputy Clerk: Courtney Hebert*



Exhibit B-3

## 22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

## STATE OF LOUISIANA

DOCKET NO: _____                                          DIVISION: " "

**MIGUEL MARTIN**

**VERSUS**

**HOME DEPOT U.S.A., INC. and**
**ABC INSURANCE COMPANY**

FILED: _____       _____
                                                                         DEPUTY CLERK

### VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF ST. TAMMANY**

   BEFORE ME, the undersigned Notary Public in and for the State and Parish aforesaid, personally came and appeared:

**MIGUEL MARTIN**

who, after being duly sworn, did depose and state that he has read the foregoing Petition for Damages, and all of the allegations of fact contained therein are true and correct to the best of his knowledge, information and belief.

                                                            _____
                                                            MIGUEL MARTIN

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 31st DAY
OF _____, 2020.

_____
R. GARY HIGGINS, JR., LBRN 36309
NOTARY PUBLIC

A TRUE COPY
Dy/Clerk, 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA
Tammye Thomas, Deputy Clerk



Submitted Date: 7/31/2020 10:26 AM  File Date: 7/31/2020 10:26 AM  Case Number: 202013218  St. Tammany Parish, LA  Deputy Clerk: Courtney Hebert

Page 5 of 5

Exhibit B-3

| | |
|---|---|
| Miguel Martin | 22nd Judicial District Court |
| VS  202013218 Division B | Parish of St. Tammany |
| Home Depot USA, Inc | State of Louisiana |

TO THE DEFENDANT: <u>Home Depot USA Inc, through its registered agent CSC of St. Tammany Parish, Inc.   4600 Highway 22, Suite 9, Mandeville, La.   70471</u>

**Original Petition for Damages, Verification and Exhibits**

**You are hereby summoned to comply** with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing an answer or other pleading, before the 22nd Judicial District Court, at the Justice Center, 701 N. Columbia Street, Covington, LA, in and for the Parish of St. Tammany, State of Louisiana, within **FIFTEEN (15)** days after the service hereof, under penalty of default judgment against you.

By order of the Honorable Judges of said Court this   21st day of January, 2021

*Melissa R. Henry* Clerk of Court

BY: _____
Tammye Thomas, Deputy Clerk

Issued:  02/04/21

---

**Counsel or Pro Se:**
R. Gary Higgins
Attorney at Law
410 N. Jefferson Avenue
Covington, La. 70433

Received on _____, 2021, and on _____, 2021 I served a true copy of the within _____,
on _____ in person,
at domicile with _____,
in _____ Parish, a distance of _____ miles from the Justice Center.

_____
Deputy Sheriff
Parish of _____

101 - 15 day regular Citation
Rev 7/16

Exhibit B-4

RETURN

| Miguel Martin | 22nd Judicial District Court |
|---|---|
| VS 202013218 Division B | Parish of St. Tammany |
| Home Depot USA, Inc | State of Louisiana |

**TO THE DEFENDANT:** <u>Home Depot USA Inc, through its registered agent CSC of St. Tammany Parish, Inc. 4600 Highway 22, Suite 9, Mandeville, La. 70471</u>

**Original Petition for Damages, Verification and Exhibits**

**You are hereby summoned to comply** with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing an answer or other pleading, before the 22nd Judicial District Court, at the Justice Center, 701 N. Columbia Street, Covington, LA, in and for the Parish of St. Tammany, State of Louisiana, within **FIFTEEN (15)** days after the service hereof, under penalty of default judgment against you.

By order of the Honorable Judges of said Court this  21st day of January, 2021

Melissa R. Henry, Clerk of Court

BY: _____
Tammye Thomas, Deputy Clerk

Issued: 02/04/21

**FILED**
FEB 12 2021
MELISSA R. HENRY, CLERK
Deputy
Phyllis Elias, Deputy Clerk

**Counsel or Pro Se:**
R. Gary Higgins
Attorney at Law
410 N. Jefferson Avenue
Covington, La. 70433

Received on _____, 2021, and on _____, 2021 I served a true copy of the within _____.

(52)202013218 - C/P - SN #1
Served - Personal on INT:
CSC of St Tammany Parish, Inc. On Behalf Of Home De
4600 HIGHWAY 22 HW, Ste 9, MANDEVILLE
Return Date & Time: 02/08/2021 12:23PM
Through Gail (secretary)

8723 - David Robertson, Deputy Sheriff

_____ in person,
_____,
____ miles from the Justice Center.
_____
                                    Deputy Sheriff
Parish of _____

101 - 15 day regular Citation
Rev 7/16

2-5-21
PRE-PAID
DL 1508

Exhibit B-5

Emailed attorney
for pre-payment 2-5-21
(msh) 41.40

Exhibit B-5